Philip Maltin (State Bar No. 153606)
pmaltin@lathropgage.com
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067
Tel:   (310) 789-4600
Fax:  (310) 789-4601

R. Cameron Garrison (*pro hac vice* application to be filed)
cgarrison@lathropgage.com
LATHROP & GAGE LLP
Kansas City, MO  64108
Tel:   (816) 292-2000
Fax:  (816) 292-2001

Attorneys for Plaintiff THE ERGO BABY CARRIER, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE ERGO BABY CARRIER, INC., <br><br>          Plaintiff, <br><br>     vs. <br><br> BOBA INC., <br><br>          Defendant. | Case No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff The ERGO Baby Carrier, Inc. ("Plaintiff" or "Ergobaby") hereby alleges against Defendant Boba Inc. ("Defendant" or "Boba") as follows:

## THE PARTIES

1. Ergobaby is a Hawaii corporation with its principal place of business at 617 West 7th Street, Suite 1000, Los Angeles, California 90017, which is within the Central District of California. Ergobaby is, and at all times mentioned herein has been, qualified to do business in the State of California.

2. Ergobaby is informed, and on that basis alleges, that Defendant Boba is a corporation duly organized and existing under the laws of the State of Wyoming with its principal place of business at 1712 Pioneer Avenue, Suite 5580, Cheyenne, Wyoming 82001.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281, 283–285. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Boba is subject to personal jurisdiction in this District and subject to this Court's specific and general jurisdiction, pursuant to due process and/or the California Long-Arm Statute, Cal. Civ. Proc. Code § 410.10, on the grounds that Boba has committed acts of patent infringement in this District and the State of California, and regularly conducts and/or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from the sale of goods to persons or entities in this District. These contacts include providing a website with advertisements and information regarding the accused baby carriers, as well as an extensive list of, and links to, its retail partners where consumers may purchase such products. Many of these retailers are located in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District, including the commission by Boba

of acts of patent infringement in this District, and because Boba is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

6. Ergobaby is a leading, premium baby consumer products company that is headquartered in Los Angeles, California, and specializes in creating innovative and ergonomic baby carrier products, as well as carrier accessories, swaddlers and other baby products, designed to meet the needs of today's parents. Ergobaby's products are sold in more than 700 retailers throughout the United States and in over 50 countries worldwide.

7. Ergobaby is the legal owner of U.S. Patents 8,590,757 (the "'757 Patent") and 9,022,260 (the "'260 Patent") (collectively, the "Ergobaby Patents"), which are directed to, among other things, a lightweight child carrier that can be mounted upon the front or back of a wearer's torso.

8. Boba also is a baby consumer products company that makes, uses, offers to sell, sells, and/or imports various baby carrier products and accessories, including lines of baby carriers advertised under the names "Boba 4G" and "Boba Air" (collectively, the "Boba Carriers").

9. This lawsuit arises out of Boba's manufacture, use, offer to sell, sale, and/or importation of the Boba Carriers, which infringe one or more claims of each of the Ergobaby Patents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 8,590,757)

10. Ergobaby incorporates by reference all previous allegations as though fully set forth herein.

11. On November 26, 2013, the United States Patent and Trademark Office (the "PTO") duly and legally issued the '757 Patent, titled BABY CARRIER, to Karin A. Frost. The '757 Patent is directed to, among other things, a

lightweight child carrier that can be mounted upon the front or back of a wearer's torso.

12. Ergobaby owns by assignment all right, title, and interest in and to the '757 Patent, including full rights to recover for past and future damages thereunder and to seek injunctive relief against infringing parties. A copy of the '757 Patent is attached hereto as Exhibit A.

13. Ergobaby has complied with the marking requirements of 35 U.S.C. § 287 with respect to the '757 Patent, to the extent necessary and applicable.

14. Boba is infringing and has infringed one or more claims of the '757 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents.

15. Boba's infringing acts include, without limitation: making, using, offering to sell, selling, and/or importing the Boba Carriers that embody at least one claim of the '757 Patent. Boba's infringement may include additional products or carriers that incorporate aspects and/or features of the Boba Carriers, which will be determined through discovery in this matter.

16. Boba also has knowingly, intentionally, and actively aided, abetted, and/or induced others to infringe the '757 Patent through its customers, users, business partners, and retail partners in this judicial District and throughout the United States.

17. Boba's infringing acts are without license or authorization from Ergobaby.

18. Boba's infringing acts, undertaken with knowledge of the '757 Patent, are reckless, without objective basis, and willful.

19. As a direct and proximate result of Boba's infringement of the '757 Patent, Ergobaby has suffered and will continue to suffer injury for which it is entitled to damages under 35 U.S.C. § 284 adequate to compensate it for such infringement in an amount to be proven at trial, but in no event less than a reasonable royalty.

20. Unless Boba is permanently enjoined from further infringement of the '757 Patent, Ergobaby will continue to suffer irreparable harm and impairment of the value of its patent rights for which there is no adequate remedy at law.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 9,022,260)

21. Ergobaby incorporates by reference all previous allegations as though fully set forth herein.

22. On May 5, 2015, the PTO duly and legally issued the '260 Patent, titled BABY CARRIER, to Karin A. Frost. The '260 Patent is a continuation of the '757 Patent and is directed to, among other things, a lightweight child carrier that can be mounted upon the front or back of a wearer's torso.

23. Ergobaby owns by assignment all right, title, and interest in and to the '260 Patent, including full rights to recover for past and future damages thereunder and to seek injunctive relief against infringing parties. A copy of the '260 Patent is attached hereto as **Exhibit B**.

24. Ergobaby has complied with the marking requirements of 35 U.S.C. § 287 with respect to the '260 Patent, to the extent necessary and applicable.

25. Boba is infringing or has infringed one or more claims of the '260 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents.

26. Boba's infringing acts include, without limitation: making, using, offering to sell, selling, and/or importing the Boba Carriers that embody at least one claim of the '260 Patent. Boba's infringement may include additional products or carriers that incorporate aspects and/or features of the Boba Carriers, which will be determined through discovery in this matter.

27. Boba also has knowingly, intentionally, and actively aided, abetted, and/or induced others to infringe the '260 Patent through its customers, users, business partners, and retail partners in this judicial District and throughout the United States.

28. Boba's infringing acts are without license or authorization from Ergobaby.

29. Boba's infringing acts, undertaken with knowledge of the '260 Patent, are reckless, without objective basis, and willful.

30. As a direct and proximate result of Boba's infringement of the '260 Patent, Ergobaby has suffered and will continue to suffer injury for which it is entitled to damages under 35 U.S.C. § 284 adequate to compensate it for such infringement in an amount to be proven at trial, but in no event less than a reasonable royalty.

31. Unless Boba is permanently enjoined from further infringement of the '260 Patent, Ergobaby will continue to suffer irreparable harm and impairment of the value of its patent rights for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff The ERGO Baby Carrier, Inc. respectfully prays for entry of judgment against Defendant Boba Inc. as follows:

A. A judgment that Boba has infringed one or more of the claims of each of the Ergobaby Patents directly (either literally or under the doctrine of equivalents) or indirectly;

B. A preliminary and permanent injunction restraining Boba, its officers, directors, employees, agents, representatives, parent companies, subsidiaries, and affiliates, and all persons acting in active concert or participation therewith, from engaging in any continued infringement of the Ergobaby Patents;

C. An award of all damages to which Ergobaby is entitled under 35 U.S.C. § 284 for all past and continuing infringement, including but not limited to all lost profits and/or reasonable royalties, and an order requiring a full accounting of the same;

D. Enhanced damages in accordance with the provisions of 35 U.S.C. § 285 as a result of Boba's knowing and willful infringement;

E.     A finding that this case is exceptional under 35 U.S.C. § 285 and an award of all attorney fees incurred by Ergobaby in this action;

F.     An assessment of interest, both pre- and post-judgment, on the damages awarded;

G.     An accounting of all goods in the possession, custody, or control of Boba that infringe either of the Ergobaby Patents and an Order directing that all such goods be delivered up and destroyed within forty-five (45) days from the entry of final judgment;

H.     An award of costs incurred by Ergobaby in bringing and prosecuting this action; and

I.     Any such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Ergobaby hereby demands a jury trial on all issues so triable.

DATED: November 17, 2015         LATHROP & GAGE LLP

By: s/ Philip Maltin
    Philip Maltin
    Attorney for Plaintiff
    THE ERGO BABY CARRIER, INC.